IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

        Plaintiff,               No. CIV S-08-0404 LKK KJM P

    vs.

SOLANO COUNTY JAIL, et al.,

        Defendants.        <u>ORDER</u>

_____/

Plaintiff is a California prisoner proceeding pro se with a suit for violation of civil rights under 42 U.S.C. § 1983. Defendants' motion to compel the deposition of the plaintiff and for sanctions ("MTC") is before the court, and several other matters warrant court's attention.

1. <u>Defendants' February 5, 2009 Motion to Compel and for Sanctions</u> (Docket No. 29)

Defendants ask the court to compel plaintiff's deposition and to award costs and attorney's fees as sanction for plaintiff's refusal to cooperate with defendants' efforts to depose him.

The court previously authorized the taking of plaintiff's deposition in its general discovery order. <u>See</u> Order filed October 20, 2008 (Docket No. 26) at 2. On January 6, 2009, defendants served plaintiff with notice of his deposition scheduled for 10:00 a.m. on January 23,

1

2009.  Decl. of Martha M. Stringer in Supp. Mot. to Compel (Stringer Decl.), Ex. A.  One of defendants' attorneys traveled to North Kern State Prison in Delano, California, for the purpose of taking plaintiff's deposition on that day.  Decl. of Matthew Ross Wilson in Supp. Mot. to Compel (Wilson Decl.) ¶ 3.

After being sworn in, plaintiff informed defense counsel that he would not be giving any testimony.  Id.; Stringer Decl., Ex. B at 3-4.  Plaintiff stated he believed he was only required to produce documents at his deposition and not to answer questions.  Stringer Decl., Ex. B at 4.  Plaintiff also told defense counsel he would be released on parole in the near future, he would be securing an attorney at that time, and that until then he did not want to answer any questions.  Id.  Finally, plaintiff indicated he would only answer questions and give deposition testimony if ordered to do so by the court.  Id. at 8.

A party may move to compel a deposition under Federal Rule of Civil Procedure 37(a)(2)(B).  For his part, plaintiff does not contest that compelling his deposition is appropriate.  See Opp'n (Docket No. 30) at 1.  Good cause appearing, the court will compel plaintiff to appear at deposition and respond to defendants' questions as required by the Federal Rules and applicable law.

Defendants further seek monetary sanctions in the sum of $3,152.36 for costs and attorneys' fees "associated with plaintiff's refusal to be deposed," citing Federal Rule of Civil Procedure 37(a)(4).  Mot. to Compel (MTC) at 3, 4.  Rule 37(a)(5) provides,"[i]f the motion [to compel] is granted . . . , the court shall after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . ."  Fed. R. Civ. P. 37(a)(5)(A).  The reasonable costs incurred in making the motion to compel include 4.3 hours spent by Matthew Wilson to prepare the motion at a billable rate of $160.00 per hour ($688.00) and the .5 hours spent by Martha Stringer in completing her declaration at a billable rate of $165.00 per hour ($82.50), for a total of $770.50.  Stringer Decl. ¶ 6.

Rule 37(a)(5)(A) also advises, in pertinent part, that "the court shall, . . . require the party . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless . . . the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The Supreme Court has explained that "substantially justified" does not mean "justified to a high degree," but only "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

In his response to defendants' motion to compel, plaintiff forwards several explanations for his actions: (1) his belief that the court did not order his deposition, (2) his upcoming release from prison and intent to hire an attorney, and (3) that he never gave any indication to defendants that he would cooperate with any of their requests. Opp'n at 1. None of these reasons provides the substantial justification that militates against imposing sanctions: (1) plaintiff's belief was not well-founded particularly in light of the court's prior discovery order, (2) his intent to hire an attorney in the future did not give him the right to refuse cooperation with proper discovery, and (3) having brought the case, plaintiff cannot now obstruct defendants' reasonable efforts to respond. Considering that plaintiff has not provided the court with either substantial justification for his actions, or "other circumstances that would make an award of expenses unjust," the court will impose monetary sanctions against plaintiff in the amount of $770.50.

In light of the foregoing, defendants' February 5, 2009 motion will be granted in part and denied in part.

2. Other Matters

Defendants have also filed an "Ex Parte Application for Order Reopening Discovery and Extending the Disposition Motion Cutoff Date." Docket No. 33. This application will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' February 5, 2009 motion to compel and for sanctions (Docket No. 29) is granted in part and denied in part as follows:

> A. Plaintiff is ordered to appear at a reasonable time and place to be set forth in a notice from defendants' counsel, and to give testimony requested in an oral deposition. Plaintiff's failure to comply with this order may result in the imposition of further sanctions, including dismissal of his complaint.

> B. Plaintiff is ordered to pay the amount of $770.50 to Williams & Associates within sixty days of the date of this order.

2. The deadline to conduct discovery is extended an additional forty-five days from the date of this order for the purpose of deposing plaintiff. Defendants shall give plaintiff notice required by Fed. R. Civ. P. 30 (b)(1) at least fourteen days before the deposition.

3. Defendants' April 3, 2009 motion for summary judgment (Docket No. 34) is denied without prejudice to refiling within thirty days following the new discovery deadline set above. Or, if defendant's prefer to renew their current motion for summary judgment without making changes to it, they may submit a written notice to the court within thirty days following the new discovery deadline. Plaintiff's opposition is due thirty days from the date of filing of any motion or renewed motion for summary judgment and defendants' may file a response within fifteen days of plaintiff's filing his opposition.

4. The court's October 20, 2008 scheduling order (Docket No. 25) is vacated, with new dates to be set if necessary in the future.

DATED: May 7, 2009.

_____
U.S. MAGISTRATE JUDGE

ar
bake0404.mtc

4