# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JERRY W. BAKER**, | No. 2:08-cv-00404-AK |
| Plaintiff, | |
| v. | **ORDER** |
| **SOLANO COUNTY JAIL et al.**, | |
| Defendants. | |

Jerry Baker is a pro se prisoner suing Solano County Jail and four prison officers under 42 U.S.C. § 1983. Baker claims that (1) defendants refused to send his legal mail without reading its contents; and (2) after he filed a grievance, they retaliated by searching his cell, assaulting him and putting him in administrative segregation. Defendants move to dismiss Baker's claims for failing to appear at two scheduled depositions, failing to respond to written discovery and ignoring this court's imposition of monetary sanctions (docket entries 41 and 44).

## I.    Background

Baker has repeatedly failed to comply with defendants' discovery requests and this court's orders. Pursuant to this court's discovery order (docket entry 26), defendants served Baker with interrogatories and requests for admissions. Baker

never responded.  Defendants also served Baker with a deposition notice.
Although Baker had little choice but to appear since the deposition was at the
prison in which he was incarcerated, he adamantly refused to testify.  Defendants
moved to compel and for sanctions (docket entry 29).  Baker replied that he "never
responded to any of defendants [sic] correspondence or gave any indication that
[he] would cooperate with any of their requests, so all of their acquired expenses
are their own fault."  Resp. to Mot. to Compel, Feb. 17, 2009 (docket entry 30).
This court granted defendants' motion and imposed sanctions, ordering Baker to
pay $770.50.  The order warned Baker that "Plaintiff's failure to comply with this
order may result in the imposition of further sanctions, including dismissal of his
complaint."  Order of May 7, 2009 (docket entry 38).  A week later, defendants
served another notice of deposition on Baker.  He again failed to appear.

Baker claims that, because he's been in and out of jail, he never received the
motions to dismiss.  He doesn't claim that he failed to receive notice of the second
deposition, nor does he try to explain his failure to pay the court-ordered sanctions.

## II.     Analysis

Federal Rule of Civil Procedure 37(b)(2) permits a court to dismiss an action
for failure to comply with discovery orders.  Although there must be a showing
that plaintiff acted in bad faith, "disobedient conduct not shown to be outside the

control of the litigant is all that is required to demonstrate willfulness, bad faith, or

fault."  Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993) (internal

quotation marks omitted).  In deciding whether to impose the severe sanction of

dismissal, a court must consider: "(1) the public's interest in expeditious resolution

of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to

[defendants]; (4) the public policy favoring disposition of cases on their merits;

and (5) the availability of less drastic sanctions."  Conn. Gen. Life Ins. Co. v. New

Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).  All but the fourth

factor weigh in favor of dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 643

(9th Cir. 2002) (noting that public policy favors disposition of cases on the merits).

     The first factor "always favors dismissal," because the delay caused by a

plaintiff's failure to diligently pursue his claims weighs against the public's interest

in an expeditious resolution of litigation.  Yourish v. Cal. Amplifier, 191 F.3d 983,

990 (9th Cir. 1999).  This is particularly true here.  Although Baker now asserts a

willingness to let defendants "make an appointment and come see [him]," he has

failed to submit to any discovery procedures for over two years and has yet to pay

defendants' costs for his prior failure to comply.  Letter of July 23, 2009 (docket

entry 43).  Unfortunately for Baker, his inaction speaks louder than his words.

The second factor similarly weighs in favor of dismissal.  Plaintiff has repeatedly interfered with this court's ability to manage its docket by requiring the court to vacate its original scheduling order and making it impossible for either defendants or the court to move forward with this case.  Further, at least some of the time spent managing plaintiff's refusal to comply with discovery orders "could have been devoted to other cases."  Pagtalunan, 291 F.3d at 642.

The third factor also favors dismissal.  As this court has explained:

> Plaintiff's failure to avail himself to a deposition and serve discovery responses is extremely prejudicial to Defendants, as it deprives them of their opportunity to conduct meaningful discovery in an attempt to access the true facts in this case.  To allow this action to continue would be to allow Plaintiff to continue to prosecute his case despite depriving Defendants of rightful discovery and access to the true facts.

Garrett v. McNutt, No. 1:06-cv-01314, 2009 WL 3398600, at *3 (E.D. Cal. Oct. 20, 2009) (internal citation omitted).  Even if Baker now complies, the significant delay in this case inevitably increases the risk that memories will fade and evidence will be lost or destroyed.  Cf. Doggett v. United States, 505 U.S. 647, 654–55 (1992) (discussing prejudicial effect of delay on memories and loss of evidence in speedy trial context).  And Baker has yet to compensate defendants for the money, time and energy they twice wasted preparing for and traveling to depositions where Baker refused to cooperate.  See Malone v. U.S. Postal Serv.,

833 F.2d 128, 131 (9th Cir. 1987) ("[P]rejudice includes irremediable burdens of costs imposed on the opposing party." (internal quotation marks omitted)).

In addition to prejudice, the third factor also looks to plaintiff's reason for defaulting. See Pagtalunan, 291 F.3d at 642. Baker offers none. Although he claims he didn't receive notice of the motions to dismiss because they were mailed to the wrong address, he never claims that he didn't receive the notice of his deposition. See Opp'n to Mot. to Dismiss, May 25, 2010 (docket entry 64). Further, it's plaintiff's obligation to promptly notify the court and parties of any change of address. See Local Rule 182(f) ("Absent [a] notice [of change of address], service of documents at the prior address of the attorney or pro se party shall be fully effective."). Here, Baker didn't file a notice of change of address until a full month after the deposition notice was mailed. Thus, even were Baker to argue that he didn't receive notice of his deposition, this would be no excuse for his failure to appear. Moreover, Baker offers no reason whatsoever for failing to pay the monetary sanction. He has not proffered a payment plan or other undertaking to satisfy the sanction within a reasonable time.

The fifth and final factor also supports dismissal. In evaluating this factor, a district court should "explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate," and consider "warn[ing]

the plaintiff of the possibility of dismissal before actually ordering dismissal."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228–29 (9th Cir. 2006).  Baker's persistent refusal to comply with this court's orders strongly indicates that less drastic alternatives would not be effective.  See Henry, 983 F.2d at 948 (finding fifth factor met where "lesser sanctions had been tried, and had failed").  The court has already imposed monetary sanctions and ordered plaintiff to submit to a deposition—to no avail.  Further, the court warned Baker that his "failure to comply with this order may result in . . . dismissal of his complaint." Order of May 7, 2009 (docket entry 38).  "There [is] no reason to expect that [Baker] would respond more satisfactorily to a second round of intermediate sanctions than he did to the first."  Henry, 983 F.2d at 948.

Plaintiff has haled defendants into court, but refuses to abide by the applicable rules.  Because four of the five factors weigh in favor of defendants, and because Baker has shown disdain for this court and for the litigation process, I find that dismissal is warranted.  See Fed. R. Civ. P. 37(b)(2)(A)(v); 41(b).

## III.    Conclusion

For the reasons above, defendants' motions to dismiss (docket entries 41 and 44) are **GRANTED**.  Defendants' motion for summary judgment (docket entry 40) and Baker's various outstanding motions (docket entries 52, 54, 58, 60, 61, 67, 76,

page 7

77, 79, 80) are now moot.  As prevailing parties, defendants shall recover their

costs.  The clerk shall also enter a judgment against plaintiff in the amount of this

court's sanction order (docket entry 38) plus interest to the date of judgment.


April 1, 2011

_____
**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation